**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-50217**
**Summary Calendar**

**JOE SAM JONES,**

**Plaintiff-Appellant,**

**VERSUS**

**JACK KYLE, Chairman,**

**Defendant-Appellee.**

Appeal from the United States District Court
For the Western District of Texas
(A 94 CA 500)

( September 22, 1995 )

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

                         BACKGROUND

Joe Sam Jones, a prisoner of the State of Texas, filed a civil rights action under 42 U.S.C. § 1983 against Jack Kyle, the chairman of the Texas Board of Pardons and Paroles (the Board).

---

[1] Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

Jones was arrested on or about March 23, 1988, convicted of aggravated possession of a controlled substance, and sentenced to a term of 50 years in prison. He alleges that Kyle changed the criteria for release on parole after his sentence and that the changes violated his rights under the Ex Post Facto Clause and the Due Process Clause. Specifically, Jones alleges that he is now denied annual review, which was the policy in effect at the time of his sentencing, and that he "may be subjected to `set-offs'[2] which are two or three years apart". Jones seeks injunctive relief, declaratory relief and money damages.

Kyle filed an answer asserting qualified immunity and a motion for summary judgment. Relying on **Heck v. Humphrey**, 114 S. Ct. 2364 (1994), Kyle asserts that Jones' § 1983 challenge to the duration of his confinement was not cognizable because Jones' conviction had not been impugned by any issuance of a writ of habeas corpus.

Jones filed both an opposition to the defendant's motion for summary judgment and his own motion for partial summary judgment. He maintained that **Heck** did not apply because he had not asserted that he should be released on parole. Jones had alleged in his complaint that "he should be considered for parole in a manner in which similarly situated prisoners were considered at the time of the commission of the offense". He asked the court to grant partial summary judgment in his favor on the issue of qualified immunity.

---

[2] A set-off is the amount of time that must expire before there is further review of the denial of parole. Tex. Admin. Code tit. 37 § 145.7(2) (1976).

2

The magistrate judge characterized Jones' complaint as raising three issues: 1) he was deprived of due process because he was not interviewed by a parole board member in the manner specified by statute, 2) the change in policy that eliminated annual interviews violated the Ex Post Facto Clause, and 3) parole consideration every two or three years violated due process. The magistrate judge recommended that the district court grant Kyle's motion for summary judgment, deny Jones' motion for partial summary judgment, and dismiss the action with prejudice.

The district court determined that **Heck** is not applicable because Jones is challenging the frequency of his parole hearing and not the duration of his confinement. Also, the district court concluded that further briefing was necessary on Jones' claim that the change in parole policy violated the Ex Post Facto Clause. Partial summary judgment was granted in favor of the defendant on the claim that Jones' "rights were violated when he was interviewed by a designee of the parole board".[3]

Kyle filed a supplemental motion for summary judgment with supporting exhibits. By comparing the law in effect at the time of Jones' conviction, March 23, 1988, to the present law, Kyle asserts that the law and the substance of the regulations governing the parole interview had not changed.

Jones filed a response and stated that it was impossible for him to brief adequately the changes in the parole hearing process

---

[3] Jones does not address this issue on appeal, and it is deemed abandoned. See **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987).

3

without an opportunity to conduct discovery. He was aware that the scale used to determine parole had changed and that the number of paroles had been reduced by two-thirds since Governor Richards had taken office.

The district court found that the law regarding the frequency of parole hearings had not been changed. "In each instance, the set-off period for the next hearing is left to the discretion of the parole panel." Because the law had not changed, Jones could not show a violation of the Ex Post Facto Clause on that ground. Further discovery was not warranted because Jones failed to state any other claims of constitutional dimension. The district court granted summary judgment in favor of the defendants.

Jones filed a post-judgment motion pursuant to Fed. R. Civ. P. 59(e)[4] asserting that the parole board abused its discretion in changing the regulations and that he could not prove his claim unless the district court allowed him to conduct adequate discovery. The district court denied the motion. Jones filed a timely notice of appeal.

OPINION

Jones contends that the district court erred in granting Kyle's motion for summary judgment. He argues that the parole board's new policies, procedures, rules, regulations, and laws were

---

[4] "If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." **Ford v. Elsbury**, 32 F.3d 931, 937 n.7 (5th Cir. 1994). Because weekends are not counted in the calculation, Fed. R. Civ. P. 6(a), Jones' motion was filed and served within ten days of the entry of judgment.

4

applied ex post facto and resulted in a denial of his alleged due process right to annual parole consideration.

"Summary judgment is reviewed de novo, under the same standards the district court applies to determine whether summary judgment is appropriate." **Amburgey v. Corhart Refractories Corp.**, 936 F.2d 805, 809 (5th Cir. 1991). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law". **Id**.; Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. **Celotex Corp. v. Catrett**, 477 U.S. 317, 321 (1986).

The district court granted Kyle's motion for summary judgment on Jones' claim that his constitutional rights were violated when he was interviewed by a designee of the parole board and ordered further briefing on the ex-post-facto claim.

Kyle filed a "Supplemental Motion for Summary Judgment" and, as instructed by the district court, provided summary judgment evidence to defeat Jones' ex-post-facto claim only. In his response, Jones once again asserted that "his right to a hearing for parole in the manner that hearings were held at the time of the commission of his offense ha[d] been violated." He stated that discovery was necessary to support his due process claims.

Even if regulations do not create a liberty interest, this Court has recognized that a liberty interest can be created by the practices of a state. **Lewis v. Thigpen**, 767 F.2d 252, 261 (5th Cir. 1985). Without a full factual development of the interaction between the regulations and the practices, it is difficult for this Court to review the question whether a liberty interest was created. **Parker v. Cook**, 642 F.2d 865, 876 (5th Cir. Unit B Apr. 1981).

Jones complains that his alleged due process right to be considered for parole annually was violated. The district court did not address or order further briefing of Jones' claim that, under the law in effect at the time of the offense, he had a liberty interest in annual parole consideration and that failure to provide annual review deprived him of his rights under the Due Process Clause. Kyle has not met the initial burden of demonstrating the absence of a genuine issue of material fact on this issue; therefore, summary judgment in favor of Kyle on the due process claim was error. See **Little v. Liquid Air Corp.**, 37 F.3d at 1075 (5th Cir. 1994). The judgment of the district court shall be vacated insofar as it relates to the due process claim and the case is remanded for further proceedings as to that issue and any declaratory injunctive relief related thereto. Likewise, we vacate the order of the district court denying Jones' motion for further discovery as to the due process issue.

In all other respects the judgment of the district court is affirmed; specifically, we affirm:

a.    the decision of the district court dismissing Jones' claim that his rights under the Ex Post Facto Clause were violated; and

b.    the decision of the district court dismissing Jones' claims for monetary damages.

**VACATED and REMANDED in part and otherwise AFFIRMED.**